UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK E. LEONARD,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>M. DUNLOP,<br><br>　　　　Defendant. | No. 2:21-cv-01644 DJC DB P<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges defendant violated his due process rights during a disciplinary hearing. Presently before the court is defendant's motion for summary judgment. (ECF No. 35.) On March 21, 2023, the court ordered plaintiff to file an opposition to defendant's motion for summary judgment or show cause as to why the action should not be dismissed for failure to prosecute and failure to comply with court orders. (ECF No. 38.) It gave plaintiff thirty days to comply, but he has failed to do so. (Id. at 2.) For the reasons stated below, the undersigned will recommend that this action be dismissed and that defendant's motion for summary judgment be denied as moot.

////

////

////

1

## I. Procedural History

On December 1, 2022, defendant filed a motion for summary judgment. (ECF No. 35.) On February 7, 2023, defendant filed a reply in support of the motion, noting that plaintiff had not filed an opposition. (ECF No. 37 at 2.)

## II. Plaintiff's Failure to Oppose Defendant's Motion for Summary Judgment

On March 21, 2023, the court ordered plaintiff, within thirty days of the order's date, to file an opposition to defendant's motion for summary judgment or show cause in writing why the action should not be dismissed for failure to prosecute and failure to comply with court orders. (ECF No. 38 at 2.) It warned plaintiff that failure to file an opposition would be deemed a statement of non-opposition and result in a recommendation that the action be dismissed. (Id.) Those thirty days have passed and plaintiff has not filed an opposition or statement of non-opposition, requested additional time to do so, or otherwise responded to the court's order. The court will therefore recommend that defendant's motion for summary judgment be dismissed as moot and that this action be dismissed for failure to comply with court orders.

### A. Legal Standard

"District courts have the inherent power to control their dockets and in the exercise of that power they may impose sanctions including, where appropriate, dismissal of a case." Bautista v. L.A. Cnty., 216 F.3d 837, 841 (9th Cir. 2000) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992)). Involuntary dismissal is one of the harshest sanctions at a trial court's disposal because it denies the plaintiff his day in court, and as a result, it is reserved for use only in the most extreme circumstances. Fed. R. Civ. P. 41(b); Thompson v. Housing Auth. of L.A., 782 F.2d 829, 831 (9th Cir. 1986). In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. Ferdik, 963 F.2d at 1260-61.

////

////

### B. Analysis

#### 1. Public's Interest in Expeditious Resolution of Litigation

"The public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).

Plaintiff initiated this action on September 13, 2021. (ECF No. 1.) Plaintiff has not filed anything with the court since June 11, 2022, nor has he responded to the motion for summary judgment or the court's orders. Plaintiff's inaction and unresponsiveness prevents litigation from proceeding forward. As such, this factor favors dismissal.

#### 2. Court's Need to Manage Its Docket

"District courts have the inherent power to control their dockets. In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1961)).

As stated above, plaintiff has not participated in this action or responded to court orders since June 2022. It appears that at the present time, plaintiff has lost interest in pursuing this petition. For the court to spend further time on this action when plaintiff is not responding to court orders would consume scarce judicial resources on an action plaintiff is no longer pursuing. Accordingly, this factor weighs in favor of dismissal.

#### 3. Risk of Prejudice to Defendants

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Malone v. U.S. Postal Service, 833 F.2d 128, 131 (9th Cir. 1987)). The "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish, 191 F.3d at 991).

While prejudice to a defendant by the pendency of an action is insufficient, the Ninth Circuit has held that unreasonable delay may be presumed prejudicial to the defendant. See In re Eisen, 31 F.3d 1447, 1452–53 (9th Cir. 1994); Moore v. Teflon Commc'ns Corp., 589 F.2d 959, 967–68 (9th Cir. 1978). Here, there has been unreasonable delay as plaintiff has failed to provide

3

any response to the motion for summary judgment or the court's orders, despite the fact that the motion has been pending for nearly six months.  Plaintiff may rebut the presumption of prejudice by providing a non-frivolous excuse for the delay.  Laurino v. Syringa Gen. Hosp., 279 F.3d 750, 753 (9th Cir. 2002); Pagtalunan, 291 F.3d at 642 (citing Yourish, 191 F.3d at 991).  However, plaintiff has not provided any excuse, whether frivolous or non-frivolous, for his failure to respond to the motion or court orders.  Accordingly, the third factor weighs in favor of dismissal.

### 4. Availability of Less Drastic Alternatives

Warning a plaintiff that failure to obey a court order will result in dismissal can suffice to meet the "consideration of alternatives" requirement.  Malone, 833 F.2d at 132 (citing Buss v. Western Airlines, Inc., 738 F.2d 1053, 1054 (9th Cir. 1984)).

Plaintiff was previously advised that failure to respond to the court's order would result in a recommendation that this action be dismissed. (ECF No. 38 at 2.)  In light of the court's warning, this factor weighs in favor of dismissal.

### 5. Public Policy Favoring Disposition of Cases on Their Merits

Public policy favors disposition of cases on the merits.  Thus, this factor weighs against dismissal.  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998).  The undersigned finds that four of the five Ferdik factors support dismissal, and thus, outweigh the general public policy favoring disposition on the merits.  See Ferdik, 963 F.2d at 1263.  Accordingly, the undersigned will recommend that this action be dismissed.

**III.    Conclusion**

For the reasons set forth above, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion for summary judgment (ECF No. 35) be denied as moot; and
2. This action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

1  objections shall be filed and served within fourteen days after service of the objections.  The

2  parties are advised that the failure to file objections within the specified time may waive the right

3  to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

4  Dated:  May 22, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:15

DB/DB Prisoner Inbox/Civil Rights/S/leon1644.no oppo.fr